ELECTRONICALLY FILED
2020 May 22 AM 9:11
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  2020-CV-000306



**Court:**        Wyandotte County District Court

**Case Number:**  2020-CV-000306

**Case Title:**   Dominic Williams vs. Life Care Centers of America
                  Inc

**Type:**         SUMMONS/LIFE CARE CENTERS OF AMERICA, INC


SO ORDERED.

*Kristi P. Hill*

/s/ Clerk of District Court


Electronically signed on 2020-05-22 09:11:22    page 1 of 2


EXHIBIT

A

ELECTRONICALLY FILED
2020 May 20 PM 12:48
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-000306

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY KANSAS

| | | |
|---|---|---|
| DOMINIC WILLIAMS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. |
| LIFE CARE CENTERS OF | ) | |
| AMERICA, INC. (D/B/A LIFE | ) | |
| CARE CENTER OF KANSAS CITY | ) | |
| | ) | |
| Defendant | ) | |

### PETITION

Plaintiff asserts the following Petition against the above named Defendant as follows:

**I.    THE PARTIES.**

1.    Plaintiff is a citizen of the United States.

2.    Defendant Life Care Centers of America, Inc. (hereafter referred to as "LCCA") is a corporation registered to do business in Kansas and operates a location called "Life Care Center of Kansas City" at 3231 West 61st Street in Kansas City, Kansas.

**II.    JURISDICTION AND VENUE.**

3.    The jurisdiction of the Wyandotte County District Court is invoked because the claims of the Plaintiff arise under the statutes and laws of the State of Kansas.

4.    Venue in the District Court of Wyandotte County Kansas is proper because Wyandotte County is where the claims arose, and where LCCA is doing business.

III.   **STATEMENT OF FACTS.**

5.      Plaintiff began her employment with LCCA in May of 2019 as a Certified

Nurse Assistant ("CNA").

6.      Plaintiff worked as a CNA at LCCA's facility at 3231 W 61st Street in Kansas

City, Kansas (hereafter referred to as "Kansas City Location").

7.      Plaintiff's direct supervisor at the Kansas City Location was Director of

Nursing Margaret Jones.

8.      LCCA's operation of the Kansas City Location is subject to the "Kansas Adult

care home Act" described in K.S.A. 39-924 (hereafter "the Act").

9.      The Kansas City Location is an "Adult care home" as defined in K.S.A. 39-

923.

10.     As an Adult care home, the Kansas City Location was subject to oversight and

investigation by the Kansas Department of Health and Environment and/or the Kansas

Department for Aging and Disability Services (hereafter collectively referred to as "Kansas

Oversight Agency").

11.     On August 11, 2019, Plaintiff arrived at the Kansas City Location for her 2:00

p.m. shift.

12.     On August 11, 2019, there were several inspectors (about 6 or 7) from the

Kansas Oversight Agency at the Kansas City Location.

13.     The inspectors were conducting an investigation of the Kansas City Location

pursuant to the Act.

14.    The inspectors asked Plaintiff if they could speak to her as part of their investigation.

15.    Plaintiff participated and cooperated in the investigation by answering the inspectors' questions, and showing them various things, which pertained to (among other things) the following resident care issues:

a)    The smell of urine at the Kansas City Location;

b)    checking residents for bruising;

c)    lack of supplies in the supply room;

d)    lack of adequate staffing;

e)    security of narcotics; and

f)    why the machine for lifting residents was not being used.

16.    Plaintiff answered the inspectors' questions truthfully, even though she knew her answers would be viewed negatively by LCCA and likely would result in an adverse investigation and conclusions by the Kansas Oversight Agency.

17.    Within the next few weeks, upon information and belief, LCCA received the results of the investigation by the Kansas Oversight Agency that Plaintiff participated and cooperated in.

18.    As part of receiving the investigation results, LCCA [specifically to include Margaret Jones and LCCA Human Resources representative Roxie Vaughns] learned of the answers and participation and cooperation by Plaintiff and saw that such participation and cooperation contributed to the adverse results.

3

19.     The results of the investigation of the Kansas City Location -- an investigation which Plaintiff participated and cooperated in -- included negative findings as to LCCA.

20.     LCCA [and particularly Vaughns and Jones] were aggravated with Plaintiff for her truthful participation and cooperation in the investigation.

21.     Within weeks of Plaintiff's participation and cooperation in the investigation, Jones asked Plaintiff to come into her office and, once there, indicated: "Well, Ms. Williams, Roxie and I have decided to terminate you."

22.     When Plaintiff asked Jones why she was being terminated, Jones had no answer.

23.     Plaintiff believes the sole reason for her firing was because of her participation and cooperation in the investigation as detailed above.

24.     Plaintiff has suffered lost wages, damage to her reputation, and economic and emotional damages from being fired by LCCA.

III.    **PLAINTIFF'S CAUSE OF ACTION FOR VIOLATION OF K.S.A. 39-1432.**

25.     Plaintiff hereby incorporates the foregoing paragraphs by reference.

26.     Plaintiff participated and cooperated in an investigation of the Kansas City Location by the Kansas Oversight Agency.

27.     K.S.A. 39-1432 prohibits an employer from terminating its employee for participating and cooperating in an investigation by the Kansas Oversight Agency as to an Adult care home.

4

28.     K.S.A. 39-1432 authorizes a court to award damages and remedies, including attorney fees, to an employee who is fired for participating or cooperating with an investigation of an Adult care home by the Kansas Oversight Agency.

29.     LCCA violated K.S.A. 39-1432 by firing Plaintiff for her participation and cooperation with the investigation by the Kansas Oversight Agency.

30.     As a direct and proximate result of LCCA's conduct, Plaintiff has sustained and will continue in the future to sustain damages in the form of lost income, emotional pain, suffering, mental anguish, reputational damage, inconvenience, and loss of enjoyment of life.

31.     Plaintiff is entitled to all damages recoverable pursuant to K.S.A. 39-1432, including economic and emotional distress damages, pre and post-judgment interest, attorneys' fees and any other relief the Court deems just and equitable.

WHEREFORE, Plaintiff prays for judgment against LCCA for all damages recoverable under K.S.A. 39-1432, including her attorney fees, the costs of this action, reinstatement to the former or equivalent position she had with LCCA, and such other and further relief as the Court may deem just and proper.

## IV.    PLAINTIFF'S CAUSE OF ACTION FOR RETALIATORY DISCHARGE.

32.     Plaintiff hereby incorporates the foregoing paragraphs by reference.

33.     Before and at the time of the investigation by the Kansas Oversight Agency (described herein above), LCCA was engaging in activities that were in violation of rules, regulations and the law pertaining to public health, safety, and the general welfare, to wit, not

providing adequate care and oversight over residents of its Kansas City Location (hereafter "Inadequate Care").

34.    As part of the above-described investigation by the Kansas Oversight Agency, Plaintiff reported on the Inadequate Care in truthfully answering questions by the Kansas Oversight Agency, and providing other information pertinent to the investigation.

35.    LCCA was aware of Plaintiff's reporting to the Kansas Oversight Agency as to the Inadequate Care.

36.    Plaintiff's reporting contributed to LCCA being found, by the Kansas Oversight Agency, to have engaged in the Inadequate Care.

37.    LCCA was aggravated and upset by Plaintiff's reporting.

38.    Within weeks of LCCA learning of Plaintiff's reporting, Plaintiff was fired.

39.    Plaintiff was fired in retaliation for her reporting to the Kansas Oversight Agency.

40.    When Plaintiff was fired, she was not told the reason for her firing and, when she asked why, she was provided no answer.

41.    LCCA's termination of Plaintiff's employment violated Kansas common law.

42.    As a direct and proximate result of LCCA's conduct, Plaintiff has sustained and will continue in the future to sustain damages in the form of lost income, emotional pain, suffering, mental anguish, reputational damage, inconvenience, and loss of enjoyment of life.

43.     Plaintiff is entitled to all damages recoverable under Kansas common law, including economic and emotional distress damages, pre and post-judgment interest, and any other relief the Court deems just and equitable.

WHEREFORE, Plaintiff prays for judgment against LCCA for all damages recoverable under Kansas common law, including her attorney fees, the costs of this action, reinstatement to the former or equivalent position she had with LCCA, and such other and further relief as the Court may deem just and proper.

## V.    **DEMAND FOR JURY TRIAL**.

Plaintiff hereby demands a trial by jury for the foregoing causes of action.

Respectfully submitted:

By:   /s/ Patrick G. Reavey            .
        Patrick G. Reavey, KS# 17291
        Kevin Koc KS# 24953
        Livestock Exchange Building
        1600 Genessee, Suite 303
        Kansas City, MO 64102
        Ph: 816.474.6300
        Fax: 816.474.6302
        Email: preavey@reaveylaw.com
        Email: kkoc@reaveylaw.com
        Website: www.reaveylaw.com
        **ATTORNEYS FOR PLAINTIFF**







R e a v e y   L a w   L L C

Fierce Advocacy + Integrity

The Livestock Exchange Building

1 6 0 0  G e n e s s e e ,  S u i t e  3 0 3

K a n s a s  C i t y ,  M O  6 4 1 0 2

7019 1120 0000 9481 1350

LIFE CARE CENTERS OF AMERICA, INC.

c/o  CORPORATION SERVICE COMPANY
2900 SW WANAMAKER DRIVE
SUITE 204
TOPEKA, KS 66614

66614-418054

ELECTRONICALLY FILED
2020 Jun 03 PM 12:46
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-000306

## RETURN OF SERVICE OF SUMMONS ON AN INDIVIDUAL

I hereby certify that I served a copy of this summons and a copy of the petition on:

### LIFE CARE CENTERS OF AMERICA, INC.
c/o CORPORATION SERVICE COMPANY
2900 SW WANAMAKER DRIVE SUITE 204
TOPEKA, KS 66614

in the following manner:

_____(1)  **Personal Service** - on the _____ day of _____, 2020, by delivering or offering to deliver the documents to the above-named person;

_____(2)  **Residence Service** - on the ____ day of _____, 2020, by leaving the documents at the dwelling or usual place of abode of the above-named person, with some person of suitable age and discretion who resides there;

_____(3)  **Residence Service** - on the ____ day of _____, 2020, by leaving a copy of the documents at the dwelling or usual place of abode of the above-named person and mailing to that person by first-class mail a notice that the copy has been left at the individual's dwelling or place of abode;

__X__(4)  **Return Receipt Delivery** - by causing to be delivered on the 26th day of MAY 2020, the documents by return receipt delivery to the above-named person at the following address:

**2900 SW WANAMAKER DRIVE, SUITE 204, TOPEKA, KS 66614**
with delivery being made by the following person or entity:
**United States Postal Service.**
A copy of the return receipt evidencing delivery is attached to this Return of Service.

_____(5)  **Return Receipt Delivery Refused** - by mailing on the _____ day of _____, 2020, the documents by first-class, postage prepaid, to the above-named person at the following address: _____.

_____(6)  **Other Method of Service -** _____ (Describe other method of service allowed by law).

_____(7)  **No Service.**  The above-named person was not served for the following reason(s): _____.

2

## Service by a Person other than a Law Enforcement Officer in Kansas

### Affidavit of Service

STATE OF MISSOURI    )
                        ) ss.
COUNTY OF Jackson    )

      I, <u>Patrick G. Reavey</u>, swear or affirm that the foregoing Return on Service of Summons is true and correct.

Executed on June **3**, 2020.

Subscribed and sworn to before me this **3rd** day of June, 2020.

RANDY TOLLE
Notary Public - Notary Seal
State of Missouri
Commissioned for Jackson County
My Commission Expires: October 13, 2023
Commission Number: 11279780

2020-cv-000306
/

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

LCCA
C/O CORP. SERVICE CO.
2900 SW WANAMAKER
SUITE 204
TOPEKA KS 66614

9590 9402 5761 0003 2697 91

2. Article Number (Transfer from service label)

019 1120 0000 9481 1350

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)
Audra Adkins

C. Date of Delivery
5/26

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

ELECTRONICALLY FILED
2020 Jun 08 AM 8:50
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-000306

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

| | | |
|---|---|---|
| DOMNIC WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2020-CV-000306 |
| | ) | |
| LIFE CARE CENTERS OF | ) | |
| AMERICA, INC. d/b/a LIFE CARE | ) | |
| CENTER OF KANSAS CITY, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY OF APPEARANCE AND DESIGNATION OF LEAD COUNSEL

COME NOW Sean M. Sturdivan and Kaitlin Marsh-Blake, of the law firm Sanders Warren

Russell & Scheer LLP, and hereby enter their appearance for Defendant Life Care Centers of

America, Inc. in the above-captioned matter.

Sean M. Sturdivan is hereby designated as lead counsel in this matter.


Respectfully submitted,

SANDERS WARREN RUSSELL & SCHEER LLP

*/s/ Sean M. Sturdivan*
_____

| | |
|---|---|
| Sean M. Sturdivan | KS #21286 |
| Kaitlin Marsh-Blake | KS #26462 |

40, Corporate Woods
9401 Indian Creek Parkway, Suite 1250
Overland Park, Kansas 66210
Phone: (913) 234-6100
Facsimile: (913) 234-6199
Email: s.sturdivan@swrsllp.com
Email: k.marsh-blake@swrsllp.com
***ATTORNEYS FOR DEFENDANTS***

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of June, 2020, the foregoing was filed with the Clerk of the Court using the Kansas Courts eFiling system, which will send notice of electronic filing to all counsel of record.

Patrick G. Reavey
Reavey Law LLC
The Livestock Exchange Building
1600 Genessee, Suite 303
Kansas City, Missouri 64102
Phone: (816) 474-6300
Email: preavey@reaveylaw.com
**ATTORNEYS FOR PLAINTIFF**

/s/ Sean M. Sturdivan
**ATTORNEY**

2

ELECTRONICALLY FILED
2020 Jun 09 AM 11:55
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-000306



**Court:**            Wyandotte County District Court

**Case Number:**     2020-CV-000306

**Case Title:**      Dominic Williams vs. Life Care Centers of America
Inc

**Type:**            Clerk's 14-Day Extension of Time

SO ORDERED.

/s/ Clerk of District Court

Electronically signed on 2020-06-09 11:54:55     page 1 of 3

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

| | | |
|---|---|---|
| DOMNIC WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2020-CV-000306 |
| | ) | |
| LIFE CARE CENTERS OF | ) | |
| AMERICA, INC. d/b/a LIFE CARE | ) | |
| CENTER OF KANSAS CITY, | ) | |
| | ) | |
| Defendants. | ) | |

## CLERK'S 14-DAY EXTENSION OF TIME

On application of Sean M. Sturdivan of Sanders Warren Russell & Scheer LLP, lead attorney for Defendants Life Care Centers of America, Inc. ("Life Care"), said Defendant is granted an additional fourteen (14) days to plead or otherwise respond to Plaintiff's Petition for Damages pursuant to Supreme Court Rule 113. Defendant Life Care was served with the Petition on May 26, 2020, making its response previously due on June 16, 2020. Defendant Life Care's response is now due on or before June 30, 2020.

Respectfully submitted,

SANDERS WARREN RUSSELL & SCHEER LLP

*/s/ Sean M. Sturdivan*

Sean M. Sturdivan          KS #21286
Kaitlin Marsh-Blake        KS #26462
40, Corporate Woods
9401 Indian Creek Parkway, Suite 1250
Overland Park, Kansas 66210
Phone: (913) 234-6100
Facsimile: (913) 234-6199
Email: s.sturdivan@swrsllp.com
Email: k.marsh-blake@swrsllp.com
***ATTORNEYS FOR DEFENDANTS***

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of June, 2020, the foregoing was filed with the Clerk of the Court using the Kansas Courts eFiling system, which will send notice of electronic filing to all counsel of record.

Patrick G. Reavey
Reavey Law LLC
The Livestock Exchange Building
1600 Genessee, Suite 303
Kansas City, Missouri 64102
Phone: (816) 474-6300
Email: preavey@reaveylaw.com
***ATTORNEYS FOR PLAINTIFF***

*/s/ Sean M. Sturdivan*
***ATTORNEY***

2

ELECTRONICALLY FILED
2020 Jun 29 AM 10:59
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-000306

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

| | | |
|---|---|---|
| DOMINIC WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2020-CV-000306 |
| | ) | |
| LIFE CARE CENTERS OF | ) | |
| AMERICA, INC. d/b/a LIFE CARE | ) | |
| CENTER OF KANSAS CITY, | ) | |
| | ) | |
| Defendants. | ) | |

### REQUEST FOR STATEMENT OF MONETARY DAMAGES

COMES NOW Defendant Life Care Centers of America, Inc., by and through undersigned counsel, and pursuant to Kansas Supreme Court Rule 118, requests that the Plaintiff in the above-captioned matter file and serve on Defendant, within fourteen (14) days after receipt of this Request, a written statement stating the actual amount of monetary damages being sought in Plaintiff's Petition for Damages against Defendant.

Respectfully submitted,

SANDERS WARREN RUSSELL & SCHEER LLP

*/s/Kaitlin M. Marsh-Blake*

| | |
|---|---|
| Sean M. Sturdivan | KS #21286 |
| Kaitlin Marsh-Blake | KS #26462 |

40, Corporate Woods
9401 Indian Creek Parkway, Suite 1250
Overland Park, Kansas 66210
Phone: (913) 234-6100
Facsimile: (913) 234-6199
Email: s.sturdivan@swrsllp.com
Email: k.marsh-blake@swrsllp.com
***ATTORNEYS FOR DEFENDANTS***

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of June, 2020, the foregoing was filed with the Clerk of the Court using the Kansas Courts eFiling system, which will send notice of electronic filing to all counsel of record.

Patrick G. Reavey
Reavey Law LLC
The Livestock Exchange Building
1600 Genessee, Suite 303
Kansas City, Missouri 64102
Phone: (816) 474-6300
Email: preavey@reaveylaw.com
*ATTORNEYS FOR PLAINTIFF*

*/s/Kaitlin M. Marsh-Blake*
*ATTORNEY*

ELECTRONICALLY FILED
2020 Jun 29 AM 10:58
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-000306

**IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**

| | | |
|---|---|---|
| DOMINIC WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2020-CV-000306 |
| | ) | |
| LIFE CARE CENTERS OF | ) | |
| AMERICA, INC. d/b/a LIFE CARE | ) | |
| CENTER OF KANSAS CITY, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant Life Care Centers of America, Inc. ("LCCA"), by and through undersigned counsel, and for its Answer and Affirmative Defenses, states as follows:

**I. THE PARTIES**

1. Upon information and belief, Plaintiff was a citizen of the State of Kansas at all relevant times. LCCA is without sufficient information to admit or deny the remaining allegations of paragraph 1 of Plaintiff's Petition, and, therefore, pursuant to Fed. R. Civ. P. 8(b)(5), LCCA's response has the effect of a denial.

2. LCCA states that Life Care Centers of America, Inc. is a Tennessee corporation. Defendant denies the remaining allegations of paragraph 2 of Plaintiff's Petition.

**II. JURISDICTION AND VENUE**

3. LCCA denies that it in any way discriminated or retaliated against Plaintiff in violation of any statutes or laws of the State of Kansas, including K.S.A. 39-1432. By way of further answer, LCCA admits that Plaintiff filed a lawsuit claiming violations of K.S.A. 39-1432 and retaliation under the statutes and laws of Kansas. LCCA denies the remaining allegations of paragraph 3 of Plaintiff's Petition.

4.  LCCA has removed this case to the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1332, 1441, and 1446.  LCCA admits that venue is proper in the United State District Court for the District of Kansas, and denies the remaining allegations contained in paragraph 4 of Plaintiff's Petition.

## III. STATEMENT OF FACTS

5.  LCCA admits the allegations contained in paragraph 5 of Plaintiff's Petition.

6.  LCCA admits that Plaintiff worked as a CNA at Life Care Center of Kansas City, located at 3231 W 61st Street in Kansas City, Kansas.  LCCA denies the remaining allegations contained in paragraph 6 of Plaintiff's Petition.

7.  LCCA admits that Plaintiff was supervised while working at the Life Care Center of Kansas City by Margaret Jones, Director of Nursing.  LCCA denies the remaining allegations contained in paragraph 7 of Plaintiff's Petition.

8.  Paragraph 8 of Plaintiff's Petition contains a legal conclusion to which a response is not necessary.  To the extent a response is required, LCCA is presently without sufficient information to admit or deny the allegations contained in paragraph 8 of Plaintiff's Petition and, therefore, pursuant to Fed. R. Civ. P. 8(b)(5), LCCA's response has the effect of a denial.

9.  Paragraph 9 of Plaintiff's Petition contains a legal conclusion to which a response is not necessary.  To the extent a response is required, LCCA is presently without sufficient information to admit or deny the allegations contained in paragraph 9 of Plaintiff's Petition and, therefore, pursuant to Fed. R. Civ. P. 8(b)(5), LCCA's response has the effect of a denial.

10. Paragraph 10 of Plaintiff's Petition contains a legal conclusion to which a response is not necessary.  To the extent a response is required, LCCA is presently without sufficient information

to admit or deny the allegations contained in paragraph 10 of Plaintiff's Petition and, therefore, pursuant to Fed. R. Civ. P. 8(b)(5), LCCA's response has the effect of a denial.

11. LCCA is presently without sufficient information to admit or deny the allegations contained in paragraph 11 of Plaintiff's Petition, and, therefore, pursuant to Fed. R. Civ. P. 8(b)(5), LCCA's response has the effect of a denial.

12. LCCA is presently without sufficient information to admit or deny the allegations contained in paragraph 12 of Plaintiff's Petition, and, therefore, pursuant to Fed. R. Civ. P. 8(b)(5), LCCA's response has the effect of a denial.

13. LCCA admits that the Kansas Department for Aging and Disability Services conducted a Health Survey of the Life Care Center of Kansas City facility in August 2019.  LCCA is presently without sufficient information to admit or deny the remaining allegations contained in paragraph 13 of Plaintiff's Petition, and, therefore, pursuant to Fed. R. Civ. P. 8(b)(5), LCCA's response has the effect of a denial.

14. LCCA is presently without sufficient information to admit or deny the allegations contained in paragraph 14 of Plaintiff's Petition, and, therefore, pursuant to Fed. R. Civ. P. 8(b)(5), LCCA's response has the effect of a denial.

15. LCCA is presently without sufficient information to admit or deny the allegations contained in paragraph 15 and its subparts (a) – (f) of Plaintiff's Petition, and, therefore, pursuant to Fed. R. Civ. P. 8(b)(5), LCCA's response has the effect of a denial.

16. LCCA is presently without sufficient information to admit or deny the allegations contained in paragraph 16 of Plaintiff's Petition, and, therefore, pursuant to Fed. R. Civ. P. 8(b)(5), LCCA's response has the effect of a denial.

17. LCCA admits that the Health Survey was completed on or about August 22, 2019 and that Life Care Center of Kansas City received an Amended CMS-2567 Form on or about September 5, 2019.  LCCA is presently without sufficient information to admit or deny the remaining allegations contained in paragraph 17 of Plaintiff's Petition, and, therefore, pursuant to Fed. R. Civ. P. 8(b)(5), LCCA's response has the effect of a denial.

18. LCCA denies the allegations contained in paragraph 18 of Plaintiff's Petition.

19. LCCA denies the allegations contained in paragraph 19 of Plaintiff's Petition.

20. LCCA denies the allegations contained in paragraph 20 of Plaintiff's Petition.

21. LCCA denies the allegations contained in paragraph 21 of Plaintiff's Petition.

22. LCCA denies the allegations contained in paragraph 22 of Plaintiff's Petition.

23. LCCA is without sufficient information to admit or deny the allegations of paragraph 23 of Plaintiff's Petition and, therefore, pursuant to Fed. R. Civ. P. 8(b)(5), LCCA's response has the effect of a denial.

24. LCCA denies the allegations contained in paragraph 24 of Plaintiff's Petition.

**IV. PLAINTIFF'S CAUSE OF ACTION FOR VIOLATION OF K.S.A. 39-1432.**

25. LCCA incorporates by reference its responses to paragraph 1-24 as if fully set forth herein.

26. LCCA is presently without sufficient information to admit or deny the allegations contained in paragraph 26 of Plaintiff's Petition, and, therefore, pursuant to Fed. R. Civ. P. 8(b)(5), LCCA's response has the effect of a denial.

27. Paragraph 27 of Plaintiff's Petition contains a legal conclusion to which no response is necessary.  To the extent a response is required, LCCA denies that it violated K.S.A. 39-1432 in any way, that it terminated Plaintiff for a retaliatory reason, or that it discriminated or retaliated against Plaintiff in violation of any statutes or laws of the State of Kansas.

28. Paragraph 28 of Plaintiff's Petition contains a legal conclusion to which no response is necessary. To the extent a response is required, LCCA denies that it violated K.S.A. 39-1432 in any way, that it terminated Plaintiff for a retaliatory reason, or that it discriminated or retaliated against Plaintiff in violation of any statutes or laws of the State of Kansas. By way of further answer, LCCA denies that Plaintiff is entitled to damages or remedies, including attorney fees, pursuant to K.S.A. 39-1432.

29. LCCA denies the allegations contained in paragraph 29 of Plaintiff's Petition.

30. LCCA denies the allegations contained in paragraph 30 of Plaintiff's Petition.

31. LCCA denies the allegations contained in paragraph 31 of Plaintiff's Petition, and the following WHEREFORE clause.

## IV. PLAINTIFF'S CAUSE OF ACTION FOR RETALIATORY DISCHARGE

32. LCCA incorporates by reference its responses to paragraph 1-31 as if fully set forth herein.

33. LCCA denies the allegations contained in paragraph 33 of Plaintiff's Petition.

34. LCCA is presently without sufficient information to admit or deny the allegations contained in paragraph 34 of Plaintiff's Petition, and, therefore, pursuant to Fed. R. Civ. P. 8(b)(5), LCCA's response has the effect of a denial.

35. LCCA denies the allegations contained in paragraph 35 of Plaintiff's Petition.

36. LCCA is presently without sufficient information to admit or deny the allegations contained in paragraph 36 of Plaintiff's Petition, and, therefore, pursuant to Fed. R. Civ. P. 8(b)(5), LCCA's response has the effect of a denial.

37. LCCA denies the allegations contained in paragraph 37 of Plaintiff's Petition.

38. LCCA denies the allegations contained in paragraph 38 of Plaintiff's Petition.

39. LCCA denies the allegations contained in paragraph 39 of Plaintiff's Petition.

40. LCCA denies the allegations contained in paragraph 40 of Plaintiff's Petition.

41. LCCA denies the allegations contained in paragraph 41 of Plaintiff's Petition.

42. LCCA denies the allegations contained in paragraph 42 of Plaintiff's Petition.

43. LCCA denies the allegations contained in paragraph 43 of Plaintiff's Petition and the following WHEREFORE clause.

## AFFIRMATIVE DEFENSES

Defendant LCCA's affirmative and other defenses are set forth below.  By stating a defense, Defendant LCCA does not thereby assume the burden of proof on such defense except to the extent applicable law requires Defendant to plead and prove the defense in order to avail itself of the defense.  Defendant LCCA reserves the right to assert any additional defenses that arise during discovery evidence presented at trial.

1.      Plaintiff's Petition fails to state a claim or cause of action upon which relief may be granted and should be accordingly dismissed.

2.      Defendant LCCA states that Plaintiff has failed to mitigate her damages herein by, upon information and belief, failing to use reasonable efforts to seek re-employment.

3.      Defendant LCCA states that Plaintiff's claims are barred in whole or in part to the extent she failed to comply with the jurisdictional and/or procedural prerequisite for any claims in this action.

4.      Defendant LCCA states that Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by LCCA.

5.      Plaintiff failed to follow the procedures and policies of his employer in reporting any alleged harassment, discrimination, or retaliation to the appropriate personnel at LCCA, and

Plaintiff is therefore barred from recovery against LCCA pursuant to *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton,* 524 U.S. 775 (1998).

6.      Defendant LCCA states that to the extent Plaintiff has failed to satisfy any conditions precedent which are necessary to maintain her claims, or fail to exhaust administrative remedies, such claims are barred.

7.      Defendant LCCA states that it exercised appropriate business judgment in making employment decisions, if any, concerning Plaintiff.

8.      Defendant LCCA states that Plaintiff's claims for prejudgment interest and non-economic damages are precluded and those claims should be dismissed.

9.      Defendant LCCA states that any employment action taken with respect to Plaintiff was taken for a legitimate, non-discriminatory, non-retaliatory business reasons, in good faith, without malicious and without outrageous conduct.  Defendant LCCA expressly denies that any impermissible factor, including any alleged participation in a Health Survey, played a role in any employment decisions made and/or actions taken, if any, regarding Plaintiff.

10.      Defendant LCCA alleges that although it believes it has no liability to Plaintiff, if the Court finds in favor of Plaintiff, Defendant LCCA is entitled to an offset to any amount of income continuation paid by or on behalf of any entity, including unemployment benefits.

11.      Defendant LCCA states that Plaintiff's damages, if any, were caused by her own conduct, and/or by her failure to properly perform her job duties.

12.      For further answer and defense to Plaintiff's Petition, Defendant LCCA states that some or all of the claims alleged in the Petition may be barred, in whole or in part, by the applicable statute of limitations and by laches, waiver, and/or estoppel.

13.      For further answer and defense to Plaintiff's Petition, Defendant LCCA states that Plaintiff's claims are barred to the extent that this Court lacks subject matter and/or other jurisdiction over all or portions of Plaintiff's Petition.

14.      For further answer and defense to Plaintiff's Petition, Defendant LCCA states that all events which occurred more than 300 days prior to the filing of Plaintiff's Charge of Employment Discrimination with the EEOC or any appropriate state or local agency are untimely under Title VII, and the Kansas Act Against Discrimination, and are not properly assertable in this action; nor is the Plaintiff entitled to relief under the aforementioned statutes in this action for any events which occurred more than 300 days prior to the filing of her Charge of Employment Discrimination.

15.      For further answer and defense to Plaintiff's Petition, Defendant LCCA states that any compensatory or punitive damages are limited to the amounts authorized by Federal or Kansas law.

16.      For further answer and defense to Plaintiff's Petition, Defendant LCCA states that Plaintiff is not entitled to a jury trial on claims for back pay, front pay, interest or equitable relief.

17.      For further answer and defense to Plaintiff's Petition, Defendant LCCA states that Plaintiff's claims for damages are barred or limited by the after-acquired evidence doctrine.

18.      For further answer and defense to Plaintiff's Petition, Defendant LCCA states that it is entitled to an off-set or credit for any amounts paid by the parties or non-parties to this litigation to Plaintiff arising out of the incident described in the Petition, including but not limited to contractual adjustments on medical expenses or unemployment benefits.

19.      Any and all allegations not specifically admitted herein are denied.

20.    Defendant LCCA reserves the right to amend these affirmative defenses as information is discovered through the course of investigation and discovery.

## DEMAND FOR JURY TRIAL

LCCA hereby demands a trial by jury for all triable issues.

Respectfully submitted,

SANDERS WARREN RUSSELL & SCHEER LLP

*/s/Kaitlin M. marsh-Blake*
Sean M. Sturdivan              KS #21286
Kaitlin Marsh-Blake          KS #26462
40, Corporate Woods
9401 Indian Creek Parkway, Suite 1250
Overland Park, Kansas 66210
Phone: (913) 234-6100
Facsimile: (913) 234-6199
Email: s.sturdivan@swrsllp.com
Email: k.marsh-blake@swrsllp.com
***ATTORNEYS FOR DEFENDANTS***

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of June, 2020, the foregoing was filed with the Clerk of the Court using the Kansas Courts eFiling system, which will send notice of electronic filing to all counsel of record.

Patrick G. Reavey
Reavey Law LLC
The Livestock Exchange Building
1600 Genessee, Suite 303
Kansas City, Missouri 64102
Phone: (816) 474-6300
Email: preavey@reaveylaw.com
***ATTORNEYS FOR PLAINTIFF***

/s/Kaitlin M. Marsh-Blake
***ATTORNEY***

ELECTRONICALLY FILED
2020 Jul 13 PM 1:43
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-000306

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY KANSAS

| | |
|---|---|
| DOMINIC WILLIAMS )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LIFE CARE CENTERS OF )<br>AMERICA, INC. (D/B/A LIFE )<br>CARE CENTER OF KANSAS CITY )<br>)<br>Defendant ) | Case No. 2020-cv000306 |

### PLAINTIFF'S STATEMENT OF DAMAGES PURSUANT TO RULE 118

Plaintiff Dominic Williams, by and through undersigned counsel and pursuant to Supreme Court Rule 118, states that her total monetary damages, exclusive of punitive damages and attorney fees, are $295,125.10.

Respectfully submitted:

By:   /s/ Patrick G. Reavey            .
       Patrick G. Reavey, KS# 17291
       Kevin Koc KS# 24953
       Livestock Exchange Building
       1600 Genessee, Suite 303
       Kansas City, MO 64102
       Ph: 816.474.6300
       Fax: 816.474.6302
       Email: preavey@reaveylaw.com
       Email: kkoc@reaveylaw.com
       Website: www.reaveylaw.com
       ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of July, 2020, the foregoing was filed with the Clerk of the Court using the Kansas Courts eFiling system, which will send notice of electronic filing to the following counsel of record:

SANDERS WARREN RUSSELL & SCHEER LLP
Sean M. Sturdivan
Kaitlin Marsh-Blake
40, Corporate Woods
9401 Indian Creek Parkway, Suite 1250
Overland Park, Kansas 66210
Phone: (913) 234-6100
Facsimile: (913) 234-6199
Email: s.sturdivan@swrsllp.com
Email: k.marsh-blake@swrsllp.com
ATTORNEYS FOR DEFENDANTS

                                  /s/ Patrick G. Reavey          .

ELECTRONICALLY FILED
2020 Jul 20 AM 7:46
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-000306

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

DOMINIC WILLIAMS,          )
          )
          Plaintiff,     )
v.          )     Case No. 2020-CV-000306
          )
LIFE CARE CENTERS OF       )
AMERICA, INC. d/b/a LIFE CARE  )
CENTER OF KANSAS CITY,     )
          )
          Defendants.  )

## DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Life Care Centers of America, Inc. ("LCCA"), by and through undersigned counsel, and for its Amended Answer and Affirmative Defenses, states as follows:

## THE PARTIES

1.  Upon information and belief, Plaintiff was a citizen of the State of Kansas at all relevant times.  LCCA is without sufficient information to admit or deny the remaining allegations of paragraph 1 of Plaintiff's Petition, and, therefore, pursuant to Fed. R. Civ. P. 8(b)(5), LCCA's response has the effect of a denial.

2.  LCCA states that Life Care Centers of America, Inc. is a Tennessee corporation.  Defendant denies the remaining allegations of paragraph 2 of Plaintiff's Petition.

## JURISDICTION AND VENUE

3.  LCCA denies that it in any way discriminated or retaliated against Plaintiff in violation of any statutes or laws of the State of Kansas, including K.S.A. 39-1432.  By way of further answer, LCCA admits that Plaintiff filed a lawsuit claiming violations of K.S.A. 39-1432 and retaliation

1

under the statutes and laws of Kansas. LCCA denies the remaining allegations of paragraph 3 of Plaintiff's Petition.

4. Paragraph 4 of Plaintiff's Petition contains a legal conclusion to which a response is not necessary. To the extent a response is required, Defendant admits that the Life Care Center of Kansas City facility is located in Wyandotte County, Kansas. By way of further answer, LCCA denies that it violated K.S.A. 39-1432 in any way, that it terminated Plaintiff for a retaliatory reason, or that it discriminated or retaliated against Plaintiff in violation of any statutes or laws of the State of Kansas. LCCA denies the remaining allegations contained in Paragraph 4 of Plaintiff's Petition.

## STATEMENT OF FACTS

5. LCCA admits the allegations contained in paragraph 5 of Plaintiff's Petition.

6. LCCA admits that Plaintiff worked as a CNA at Life Care Center of Kansas City, located at 3231 W 61st Street in Kansas City, Kansas. LCCA denies the remaining allegations contained in paragraph 6 of Plaintiff's Petition.

7. LCCA admits that Plaintiff was supervised while working at the Life Care Center of Kansas City by Margaret Jones, Director of Nursing. LCCA denies the remaining allegations contained in paragraph 7 of Plaintiff's Petition.

8. Paragraph 8 of Plaintiff's Petition contains a legal conclusion to which a response is not necessary. To the extent a response is required, LCCA is presently without sufficient information to admit or deny the allegations contained in paragraph 8 of Plaintiff's Petition and, therefore, pursuant to Fed. R. Civ. P. 8(b)(5), LCCA's response has the effect of a denial.

9. Paragraph 9 of Plaintiff's Petition contains a legal conclusion to which a response is not necessary. To the extent a response is required, LCCA is presently without sufficient information

to admit or deny the allegations contained in paragraph 9 of Plaintiff's Petition and, therefore, pursuant to Fed. R. Civ. P. 8(b)(5), LCCA's response has the effect of a denial.

10. Paragraph 10 of Plaintiff's Petition contains a legal conclusion to which a response is not necessary. To the extent a response is required, LCCA is presently without sufficient information to admit or deny the allegations contained in paragraph 10 of Plaintiff's Petition and, therefore, pursuant to Fed. R. Civ. P. 8(b)(5), LCCA's response has the effect of a denial.

11. LCCA denies the allegations contained in paragraph 11 of Plaintiff's Petition.

12. LCCA denies the allegations contained in paragraph 12 of Plaintiff's Petition.

13. LCCA admits that the Kansas Department for Aging and Disability Services conducted a Health Survey of the Life Care Center of Kansas City facility in August 2019, but denies that inspectors were present on August 11, 2019. LCCA is without sufficient information to admit or deny the remaining allegations contained in paragraph 13 of Plaintiff's Petition, and, therefore, pursuant to Fed. R. Civ. P. 8(b)(5), LCCA's response has the effect of a denial.

14. LCCA is presently without sufficient information to admit or deny the allegations contained in paragraph 14 of Plaintiff's Petition, and, therefore, pursuant to Fed. R. Civ. P. 8(b)(5), LCCA's response has the effect of a denial.

15. LCCA is presently without sufficient information to admit or deny the allegations contained in paragraph 15 and its subparts (a) – (f) of Plaintiff's Petition. Neither Margaret Jones nor Roxie Vaughns were aware of any participation by Plaintiff in the survey/investigation before her separation from employment. Further, the survey/investigation results do not list any employees or residents by name. Therefore, pursuant to Fed. R. Civ. P. 8(b)(5), LCCA's response has the effect of a denial.

3

16. LCCA is presently without sufficient information to admit or deny the allegations contained in paragraph 16 of Plaintiff's Petition, and, therefore, pursuant to Fed. R. Civ. P. 8(b)(5), LCCA's response has the effect of a denial.

17. LCCA admits that the Health Survey was completed on or about August 22, 2019 and that Life Care Center of Kansas City received an Amended CMS-2567 Form on or about September 5, 2019. LCCA is presently without sufficient information to admit or deny the remaining allegations contained in paragraph 17 of Plaintiff's Petition, including but not limited to whether Plaintiff participated and/or cooperated in the survey/investigation. The Amended CMS-2567 Form did not identify any investigation participants by name. Therefore, pursuant to Fed. R. Civ. P. 8(b)(5), LCCA's response has the effect of a denial.

18. LCCA denies the allegations contained in paragraph 18 of Plaintiff's Petition.

19. LCCA states that the Amended CMS-2567 Form is the best evidence of the survey/investigation results, but admits that the survey/investigation resulted in some minor deficiencies capable of correction or resolution as noted by the Kansas Department for Aging and Disability Services. As indicated previously, LCCA is presently without sufficient information to admit or deny the allegations related to Plaintiff's participation in the survey/investigation and, therefore, pursuant to Fed. R. Civ. P. 8(b)(5), LCCA's response on this particular allegation has the effect of a denial. LCCA denies the remaining allegations contained in paragraph 19 of Plaintiff's Petition.

20. LCCA denies the allegations contained in paragraph 20 of Plaintiff's Petition.

21. LCCA denies the allegations contained in paragraph 21 of Plaintiff's Petition.

22. LCCA denies the allegations contained in paragraph 22 of Plaintiff's Petition.

4

  
23. LCCA is without sufficient information to admit or deny the allegations of paragraph 23 of Plaintiff's Petition and, therefore, pursuant to Fed. R. Civ. P. 8(b)(5), LCCA's response has the effect of a denial.

24. LCCA denies the allegations contained in paragraph 24 of Plaintiff's Petition.

## PLAINTIFF'S CAUSE OF ACTION FOR VIOLATION OF K.S.A. 39-1432.

25. LCCA incorporates by reference its responses to paragraph 1-24 as if fully set forth herein.

26. LCCA is presently without sufficient information to admit or deny the allegations contained in paragraph 26 of Plaintiff's Petition, and, therefore, pursuant to Fed. R. Civ. P. 8(b)(5), LCCA's response has the effect of a denial.

27. Paragraph 27 of Plaintiff's Petition contains a legal conclusion to which no response is necessary.  To the extent a response is required, LCCA denies that it violated K.S.A. 39-1432 in any way, that it terminated Plaintiff for a retaliatory reason, or that it discriminated or retaliated against Plaintiff in violation of any statutes or laws of the State of Kansas.

28. Paragraph 28 of Plaintiff's Petition contains a legal conclusion to which no response is necessary.  To the extent a response is required, LCCA denies that it violated K.S.A. 39-1432 in any way, that it terminated Plaintiff for a retaliatory reason, or that it discriminated or retaliated against Plaintiff in violation of any statutes or laws of the State of Kansas.  By way of further answer, LCCA denies that Plaintiff is entitled to damages or remedies, including attorney fees, pursuant to K.S.A. 39-1432.

29. LCCA denies the allegations contained in paragraph 29 of Plaintiff's Petition.

30. LCCA denies the allegations contained in paragraph 30 of Plaintiff's Petition.

31. LCCA denies the allegations contained in paragraph 31 of Plaintiff's Petition, and the following WHEREFORE clause.

## PLAINTIFF'S CAUSE OF ACTION FOR RETALIATORY DISCHARGE

32. LCCA incorporates by reference its responses to paragraph 1-31 as if fully set forth herein.

33. LCCA denies the allegations contained in paragraph 33 of Plaintiff's Petition.

34. LCCA is presently without sufficient information to admit or deny the allegations contained in paragraph 34 of Plaintiff's Petition, and, therefore, pursuant to Fed. R. Civ. P. 8(b)(5), LCCA's response has the effect of a denial.

35. LCCA denies the allegations contained in paragraph 35 of Plaintiff's Petition.

36. LCCA is presently without sufficient information to admit or deny the allegations contained in paragraph 36 of Plaintiff's Petition, and, therefore, pursuant to Fed. R. Civ. P. 8(b)(5), LCCA's response has the effect of a denial.

37. LCCA denies the allegations contained in paragraph 37 of Plaintiff's Petition.

38. LCCA denies the allegations contained in paragraph 38 of Plaintiff's Petition.

39. LCCA denies the allegations contained in paragraph 39 of Plaintiff's Petition.

40. LCCA denies the allegations contained in paragraph 40 of Plaintiff's Petition.

41. LCCA denies the allegations contained in paragraph 41 of Plaintiff's Petition.

42. LCCA denies the allegations contained in paragraph 42 of Plaintiff's Petition.

43. LCCA denies the allegations contained in paragraph 43 of Plaintiff's Petition and the following WHEREFORE clause.

## AFFIRMATIVE DEFENSES

Defendant LCCA's affirmative and other defenses are set forth below.  By stating a defense, Defendant LCCA does not thereby assume the burden of proof on such defense except to the extent applicable law requires Defendant to plead and prove the defense in order to avail itself

6

of the defense.  Defendant LCCA reserves the right to assert any additional defenses that arise during discovery evidence presented at trial.

1. Plaintiff's Petition fails to state a claim or cause of action upon which relief may be granted and should be accordingly dismissed.

2. Defendant LCCA states that Plaintiff has failed to mitigate her damages herein by, upon information and belief, failing to use reasonable efforts to seek re-employment.

3. Defendant LCCA states that Plaintiff's claims are barred in whole or in part to the extent she failed to comply with the jurisdictional and/or procedural prerequisite for any claims in this action.

4. Defendant LCCA states that Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by LCCA.

5. Plaintiff failed to follow the procedures and policies of his employer in reporting any alleged harassment, discrimination, or retaliation to the appropriate personnel at LCCA, and Plaintiff is therefore barred from recovery against LCCA pursuant to *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton,* 524 U.S. 775 (1998).

6. Defendant LCCA states that to the extent Plaintiff has failed to satisfy any conditions precedent which are necessary to maintain her claims, or fail to exhaust administrative remedies, such claims are barred.

7. Defendant LCCA states that it exercised appropriate business judgment in making employment decisions, if any, concerning Plaintiff.

8. Defendant LCCA states that Plaintiff's claims for prejudgment interest and non-economic damages are precluded and those claims should be dismissed.

7

9.     Defendant LCCA states that any employment action taken with respect to Plaintiff was taken for a legitimate, non-discriminatory, non-retaliatory business reasons, in good faith, without malicious and without outrageous conduct.  Defendant LCCA expressly denies that any impermissible factor, including any alleged participation in a Health Survey, played a role in any employment decisions made and/or actions taken, if any, regarding Plaintiff.

10.     Defendant LCCA alleges that although it believes it has no liability to Plaintiff, if the Court finds in favor of Plaintiff, Defendant LCCA is entitled to an offset to any amount of income continuation paid by or on behalf of any entity, including unemployment benefits.

11.     Defendant LCCA states that Plaintiff's damages, if any, were caused by her own conduct, and/or by her failure to properly perform her job duties.

12.     For further answer and defense to Plaintiff's Petition, Defendant LCCA states that some or all of the claims alleged in the Petition may be barred, in whole or in part, by the applicable statute of limitations and by laches, waiver, and/or estoppel.

13.     For further answer and defense to Plaintiff's Petition, Defendant LCCA states that Plaintiff's claims are barred to the extent that this Court lacks subject matter and/or other jurisdiction over all or portions of Plaintiff's Petition.

14.     For further answer and defense to Plaintiff's Petition, Defendant LCCA states that all events which occurred more than 300 days prior to the filing of Plaintiff's Charge of Employment Discrimination with the EEOC or any appropriate state or local agency are untimely under Title VII, and the Kansas Act Against Discrimination, and are not properly assertable in this action; nor is the Plaintiff entitled to relief under the aforementioned statutes in this action for any events which occurred more than 300 days prior to the filing of her Charge of Employment Discrimination.

15.     For further answer and defense to Plaintiff's Petition, Defendant LCCA states that any compensatory or punitive damages are limited to the amounts authorized by Federal or Kansas law.

16.     For further answer and defense to Plaintiff's Petition, Defendant LCCA states that Plaintiff is not entitled to a jury trial on claims for back pay, front pay, interest or equitable relief.

17.     For further answer and defense to Plaintiff's Petition, Defendant LCCA states that Plaintiff's claims for damages are barred or limited by the after-acquired evidence doctrine.

18.     For further answer and defense to Plaintiff's Petition, Defendant LCCA states that it is entitled to an off-set or credit for any amounts paid by the parties or non-parties to this litigation to Plaintiff arising out of the incident described in the Petition, including but not limited to contractual adjustments on medical expenses or unemployment benefits.

19.     Any and all allegations not specifically admitted herein are denied.

20.     Defendant LCCA reserves the right to amend these affirmative defenses as information is discovered through the course of investigation and discovery.

## DEMAND FOR JURY TRIAL

LCCA hereby demands a trial by jury for all triable issues.

Respectfully submitted,

SANDERS WARREN RUSSELL & SCHEER LLP

*/s/ Sean M. Sturdivan*

Sean M. Sturdivan                          KS #21286
Kaitlin M. Marsh-Blake                  KS #26462
9401 Indian Creek Parkway, Suite 1250
Overland Park, Kansas 66210
Phone: (913) 234-6100
Facsimile: (913) 234-6199
Email: s.sturdivan@swrsllp.com
Email: k.marsh-blake@swrsllp.com
***ATTORNEYS FOR DEFENDANTS***

9

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of July, 2020, the foregoing was filed with the Clerk of the Court using the Kansas Courts eFiling system, which will send notice of electronic filing to all counsel of record.

Patrick G. Reavey
Reavey Law LLC
The Livestock Exchange Building
1600 Genessee, Suite 303
Kansas City, Missouri 64102
Phone: (816) 474-6300
Email: preavey@reaveylaw.com
***ATTORNEYS FOR PLAINTIFF***

*/s/ Sean M. Sturdivan*
***ATTORNEY***

10